# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA
-oOo-

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

BRIAN FLOYD,

    Defendant.

Case No.: 2:17-cr-404-RFB-VCF

**ORDER**

Defendant Brian Floyd is charged in a Criminal Complaint in case number 2:17-mj-574-GWF with Count One – Carjacking, in violation of 18 U.S.C. §§ 2119 and 2; Count Two – Conspiracy to Interfere with Commerce by Robbery, in violation of 18 U.S.C. § 1951; Count Three – Interference with Commerce by Robbery, in violation of 18 U.S.C. §§ 1951 and 2; and Count Four – Use of a Firearm During and in Relation to a Crime of Violence, in violation of 18 U.S.C. §§ 924(c)(1)(A) and 2.

He appeared before the Court on January 22, 2018 in order to plead guilty to a Criminal Information charging him with Count One – Carjacking, in violation of 18 U.S.C. §§ 2119 and 2; Count Two – Interference with Commerce by Robbery, in violation of 18 U.S.C. §§ 1951 and 2; and Count Three – Brandishing a Firearm During and in Relation to a Crime of Violence, in violation of 18 U.S.C. §§ 924(c)(1)(A) and 2, pursuant to a guilty plea agreement with the United States.

1

Phillip N. Smith, Jr. appeared on behalf of the United States, and Mace J. Yampolsky appeared on behalf of the Defendant.

During the hearing, and based on the Court's own observations of the Defendant, the Court engaged in an *in camera* hearing with the Defendant and Mr. Yampolsky. Based on the content of the hearing, and representations that were made, the Court, therefore, has reasonable cause to believe that the Defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. The Court therefore, on its own motion, orders a mental competency evaluation pursuant to 18 U.S.C. §§ 4241 and 4242.

**IT IS THEREFORE ORDERED** THAT:

1. In accordance with 18 U.S.C. §§ 4241, 4242, and 4247, the United States Marshals Service shall forthwith transport Defendant Brian Floyd to a suitable Bureau of Prisons ("BOP") facility that conducts psychological evaluations closest to the Court, for a psychiatric or psychological evaluation to determine:

   a. whether the Defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense; and

   b. whether the Defendant suffered from a mental disease or defect rendering him mentally incompetent at the time of the commission of the offenses charged.

2. The Defendant shall be held in a BOP facility for a reasonable period of time, not to exceed forty-five days, unless extended by further order of the Court upon a showing of good cause by the director of the facility that the additional time is necessary to observe and evaluate Defendant, or by appropriate motion, for a period of up to thirty additional days. 18 U.S.C. § 4247(b).

3. The examination conducted pursuant to this order shall be conducted by one or more licensed or certified psychiatrists or clinical psychologists. 18 U.S.C. § 4247(b).

4. A psychiatric or psychological report shall be prepared by the examiner designated to conduct the psychiatric or psychological examination. The person designated to conduct the psychiatric or psychological examination shall file the report, under seal, with the Court and provide copies to Phillip N. Smith, Jr., Assistant United States Attorney, and to Mace J. Yampolsky, counsel for the Defendant.

5. The report shall include:

    a. The Defendant's history and present symptoms;

    b. A description of the psychiatric, psychological or medical tests that were employed and their results;

    c. The examiner's findings;

    d. The examiner's opinions concerning whether the Defendant is suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and

consequences of the proceedings against him, or to assist properly in his defense; and

    e. Whether the Defendant was insane at the time of the offense charged; that is, that at the time of the commission of the acts constituting the offense, whether the Defendant, as a result of a severe mental disease or defect, was unable to appreciate the nature and quality of the wrongfulness of his acts. 18 U.S.C. §§ 17(a) and 4247(c).

  The Court finds that the period of time required by the above-described psychiatric or psychological examination of the Defendant, and the Court's determination of the Defendant's competency to stand trial and his sanity at the time of the offenses charged, is excludable time under the United States Constitution, the Speedy Trial Act, 18 U.S.C. § 3161(h)(1)(A), and Rule 5.1 of the Federal Rules of Criminal Procedure.

  Additionally, the Court sets a status hearing on this matter for April 23, 2018, at 10:00 a.m., in Las Vegas Courtroom 7D.

  IT IS SO ORDERED.

  DATED this __22nd__ day of January 2018.

                _____
                RICHARD F. BOULWARE II
                UNITED STATES DISTRICT JUDGE