PROB 12C
(Rev 04/17)



# SEALED BY ORDER OF THE COURT

## United States District Court

### for the

### DISTRICT OF NEVADA

### REQUEST FOR COURSE OF ACTION
*(Statement of Alleged Violations of Supervised Release)*
**June 09, 2026**

Subject:   RONDALL TALLEY                Case No.:CR 2:17-00404RFB-VCF-01

Name of Sentencing Judicial Officer:        The Honorable Richard F. Boulware, II
                                            US District Judge

Original Offense:        Carjacking; Aiding and Abetting, Interference with
                         Commerce by Robbery; Aiding and Abetting, Branding a
                         Firearm During and in Relation to a Crime of Violence;
                         Aiding and Abetting.

Date of Original Sentence:   01/1/2019

Original Sentence:       108 months imprisonment, to be followed by 5 years of
                         supervised release.

Current Term of Supervision  10/24/2025
Commenced:

---

### PETITIONING THE COURT

To issue a Warrant and that the subject be brought before the Court to show cause why supervision should not be revoked. The Warrant and the Petition to be sealed for other than law enforcement purposes and until such time that the subject has been arrested and the warrant duly executed.

---

The probation officer believes the person under supervision has violated the following condition(s) of supervision:

1.  **Report Within 72 Hours (Standard)** - You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of the time you are released, unless the probation officer instructs you to report to a different probation office or within a different time frame.

PROB 12C
(Rev 04/17)

On October 24, 2025, Officer Warner contacted Mr. Talley at the Residential Reentry Center (RRC), prior to his release from imprisonment. He was instructed to report to the probation office within 72 hours of his release. Mr. Talley agreed to do so. Though, he did not contact the probation office until October 30, 2025. Mr. Talley failed to report to the Probation Office within 72 hours of his release.

2.  **Follow Instructions of Probation Officer (Standard)** - You must follow the instructions of the probation officer related to the conditions of supervision.

    On November 3, 2025, Officer Warner instructed Mr. Talley to report to the Foundation for an Independent Tomorrow (FIT) on November 4, 2025, for vocational services. On November 4, 2025, he failed to attend vocational programming at FIT, as directed.

3.  **Do Not Unlawfully Use Controlled Substance) (Mandatory)** - You must refrain from any unlawful use of a controlled substance.  You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court, not to exceed 104 tests annually.

    On December 10, 2025, Officer Warner instructed Mr. Talley to participate in random urinalysis with Clear Code Testing. He failed to report for drug testing on the following dates:
    - December 13, 2025
    - December 26, 2025
    - March 3, 2026
    - April 27, 2026
    - June 5, 2026

4.  **Residential Reentry Center (Special)** - You must reside in a residential reentry center for a term of days. days. You must follow the rules and regulations of the center.

    On November 4, 2025, Officer Warner instructed Mr. Talley to comply with all rules and regulations of the RRC. On January 11, 2026, he failed to comply with the RRC program by absconding from the center. This same day, Mr. Talley was discharged noncompliant.

5.  **Must Answer Truthfully (Standard)** - You must answer truthfully the questions asked by the probation officer. Your legitimate invocation of the Fifth Amendment privilege against self-incrimination in response to a probation officer's question shall not be considered a violation of this condition.

    On January 12, 2026, Officer Warmer questioned Mr. Talley on his whereabouts on January 9, 2026. He stated he traveled to the University Medical Center (UMC), as approved by the RRC and probation office. On January 29, 2026, Officer Warner questioned him again. He reported that he traveled to UMC on January 9, 2026. On February 2, 2026, Mr. Talley eventually admitted he was not

PROB 12C
(Rev 04/17)

truthful and did not report to UMC on January 9, 2026. Instead, he traveled to his girlfriend's residence against the approval of the RRC and probation office.

6.    **Cognitive Behavioral Treatment (Special)** - You must participate in a cognitive behavioral treatment program and follow the rules and regulations of that program. The probation officer will supervise your participation in the program (provider, location, modality, duration, intensity, etc.). Such programs may include group sessions led by a counselor or participation in a program administered by the probation office. You must pay the costs of the program.

On December 16, 2025, Officer Warner directed Mr. Talley to begin Mortal Reconation Therapy (MRT) with the Community Counseling Center (CCC). On January 26, 2026, he failed to report to MRT, as directed.

7.    **Mental Health Treatment (Special)** - You must participate in an outpatient mental health treatment program and follow the rules and regulations of that program. The probation officer, in consultation with the treatment provider, will supervise your participation in the program (provider, location, modality, duration, intensity, etc.).

On December 16, 2025, Officer Warner instructed Mr. Talley to begin individual mental health treatment to address his anger management. On January 28, 2026, CCC reported he had failed to schedule individual treatment sessions, as directed. On January 29, 2026, Officer Warner instructed Mr. Talley to report to CCC at 4:00pm for individual mental health treatment. He failed to do so.

8.    **Work Full Time (Standard)** - You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment, you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or if there are substantial changes to your job responsibilities, you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.

On April 2, 2026, Mr. Talley reported obtaining employment with Fast Labor Force in Las Vegas, NV. On May 11, 2026, Officer Warner questioned him on his employment. Mr. Talley stated he had not worked in approximately 2 weeks. Therefore, he failed to notify the probation officer within 72 hours of a change in employment.

9.    **Do Not Commit Another Crime (Mandatory)** - You must not commit another federal, state, or local crime.

On June 9, 2026, the Las Vegas Metropolitan Police Department (LVMPD) arrested Mr. Talley in LLV#26060031017. Based on the arrest report, he engaged in conduct constituting the following criminal offenses:

PROB 12C
(Rev 04/17)

- - Prohibited Person in Possession of a Firearm, in violation of NRS § 202.360 (felony)
  - Obstruction/False Statement of Public Officer, in violation of NRS § 197.190 (misdemeanor)

10. **Must Not Possess Firearms (Standard)** - You must not own, possess, or have access to a firearm, ammunition, destructive device, as defined in 18 U.S.C. § 921(a)(4), or dangerous weapon (that is, anything that was designed or was modified for the specific purpose of causing bodily injury or death to another person, such as nunchakus or tasers).

    On June 9, 2026, Mr. Talley possessed a Ruger LCP Max .380 handgun and .380 ammunition.

### SUMMARY IN SUPPORT OF PETITION

On January 17, 2019, Mr. Talley was sentenced to 108 months imprisonment, followed by 5 years of supervised release for the offenses listed above. On May 28, 2025, the probation office submitted a Request for Modification to Conditions of Supervision with Consent of Offender to include up to 120 days at the Residential Reentry Center (RRC). Mr. Talley did not have an approved release plan and was set to be released from the Bureau of Prisons (BOP) as homeless. On June 5, 2025, Your Honor ordered the modification, as requested.

On October 24, 2025, Mr. Talley commenced supervision in the District of Nevada. It should be highlighted, Officer Warner contacted him 3 days prior and directed him to report to the probation office within 72 hours of his release from BOP. Mr. Talley would not contact Officer Warner until October 30, 2025.

On November 3, 2025, Mr. Talley reported to the probation office. Officer Warner emphasized the importance of following the rules and regulations of the RRC while on supervised release. Additionally, Mr. Talley was unemployed, so Officer Warner instructed him to report to the Foundation for an Independent Tomorrow (FIT) the following day, November 4, 2025, for vocational resources. He agreed to do so.

On November 4, 2025, Mr. Talley failed to report to FIT, as directed. According to him, he accidentally slept in. Officer Warner provided him with FIT's website and contact information to reschedule orientation. Again, he failed to do so.

On November 18, 2025, he was assessed for substance abuse and mental health treatment at the Community Counseling Center (CCC) in Las Vegas, NV. At the conclusion of the assessment, he was found appropriate for Cognitive Behavioral Treatment (CBT).

On December 16, 2026, Mr. Talley appeared before the court for a Status Conference. Your Honor modified his conditions of supervision to reflect CBT. Furthermore, Mr. Talley requested Anger Management. All parties agreed that he could participate in both therapeutic programs. This same day, Mr. Talley was directed to report to CCC for Moral

PROB 12C
(Rev 04/17)

Reconation Therapy (MRT) and individual treatment appointments to address his anger.

On January 7, 2026, Mr. Talley reported obtaining employment with 7/11 in Las Vegas, NV. He was commended for securing employment. On January 10, 2026, Mr. Talley informed Officer Warner that he had been attacked by a dog while walking to work the night before. Officer Warner coordinated with the RRC to allow him to go to the hospital. Hours later, Officer Warner received a notification from the Las Vegas Metropolitan Police Department regarding Mr. Talley. LVMPD stated there was evidence that Mr. Talley kicked in the front door of his girlfriend's ex-boyfriend's residence and physically assaulted him. The incident was under investigation for felony burglary, home invasion, and misdemeanor battery in LLV260100038858.

On January 11, 2026, Mr. Talley advised Officer Warner and the RRC that he had been unable to seek medical attention the previous day. Thus, he requested to go to the hospital again. Mr. Talley's request was approved, but he needed to report back to the RRC to check in prior to going to work. He failed to follow this instruction from the RRC and was discharged noncompliant the same night.

On January 12, 2026, Mr. Talley reported to the probation office, as instructed. He walked with a limp and claimed the dog bit his right foot. Also, Mr. Talley had multiple cuts on his face. He was unable to describe why the lacerations were on his face. Mr. Talley acknowledged he did not follow the rules of the RRC. He failed to check in after being permitted to go to the hospital for over 12 hours on two separate occasions. Furthermore, Mr. Talley was terminated from 7/11 due to tardiness.

On January 28, 2026, CCC staff advised Mr. Talley failed to report for MRT on January 26, 2026. Also, he had not scheduled an individual appointment for anger management. On January 29, 2026, Officer Warner verbally admonished him for failing to report for treatment. Officer Warner also questioned Mr. Talley on the events of January 9 - 10, 2026. He claimed everything previously discussed was the truth. Later this evening, he texted Officer Warner and apologized for lying. Mr. Talley had not traveled to the hospital mentioned above on January 10, 2026. In fact, he was with his girlfriend at her residence.

LVMPD was unable to file charges in LLV260100038858, due to an uncooperative victim. On February 4, 2026, Officer Warner filed a Request to Modify Conditions of Supervision with Consent of Person Under Supervision for 90 days of Location Monitoring (GPS - Curfew). This same day, Your Honor approved the modification.

Over the next 90 days, Mr. Talley's compliance improved. He participated in programming with CCC, attended vocational services, and eventually obtained employment. However, Mr. Talley's employment was inconsistent. On May 11, 2026, he successfully completed 90 days of Location Monitoring, as approved by Your Honor. On June 1, 2026, Mr. Talley reported completing MRT with CCC. Officer Warner congratulated him on his accomplishment. Sadly, based on the information above, Mr. Talley would not utilize his experiences from MRT in the community.

On June 9, 2026, at approximately 12:17 am, the LVMPD Gang Violence Suppression

PROB 12C
(Rev 04/17)

Team (GVST) was conducting plain clothes proactive enforcement near Desert Inn Road and Eastern Avenue in Las Vegas, NV. LVMPD observed a subject, later identified as Mr. Talley, obstructing traffic on the south end of Desert Inn Rd. The Clark County School Police Department (CCSPD), who was working in conjunction with GVST, attempted to conduct a pedestrian stop with a marked CCSPD vehicle. According to LVMPD, Mr. Talley found law enforcement attempting to contact him, and he fled on foot.

Both agencies pursued Mr. Talley and observed him making a throwing motion with his hands in a residential area. Soon after, he surrendered to LVMPD. Officers questioned Mr. Talley on attempting to evade law enforcement. He stated he was on federal probation and did not want contact with the police.

LVMPD canvassed the area and located a black 10-round magazine with .380 ammunition. Following the discovery of the magazine, officers received permission from tenants of a residential property to search their roof. LVMPD believed Mr. Talley threw a firearm on their property during the foot pursuit. Eventually, LVMPD found a black Ruger LCP Max .380 handgun on the roof of the residence in question. At the scene, Mr. Talley denied ownership of the handgun. He requested to be taken to jail and mentioned "would be out in five years".

**Detention Assessment**

Pursuant to Criminal Procedure Rule 32.1(a)(6) and 18 USC § 3143(a), when it is alleged that a person has violated probation or supervised release, there is a presumption of detention, and the burden is on that person to establish by clear and convincing evidence that he is not likely to flee or pose a danger to the safety of any other person or the community if released.

For the Court's information, Mr. Talley has been previously convicted of the following offenses:
- 2017 - Carry Concealed Weapon Without Permission (misdemeanor)
- 2017 - Obstruction/False Information to Police Officer (misdemeanor)

It should be noted, Mr. Talley has 3 felony and 1 misdemeanor juvenile adjudications as well.

Mr. Talley was released from custody approximately 7 months ago. In this time frame, he was investigated for battery and now arrested for Felon in Possession of a Firearm. The probation office finds this especially troubling paired with his instant offense in this matter. Mr. Talley's criminal history and conduct under supervision indicate a danger to the community. Additionally, he has a history of fleeing from law enforcement, as reported by his 2017 conviction and 2026 arrest. Therefore, it is respectfully requested a warrant be issued to initiate revocation proceedings.

Should Your Honor have any questions, please contact the undersigned officer at 702-378-0704 or Zachary_warner@nvp.uscourts.gov

PROB 12C
(Rev 04/17)

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: <u>06/09/2026</u>

Respectfully submitted by,



Zachary Warner
United States Probation Officer

Approved by:

Erik Flocchini
Supervisory United States Probation
Officer

7

PROB 12C
(Rev 04/17)

## ORDER OF THE COURT

THE COURT ORDERS:

X    The issuance of a Warrant and that the subject be brought before the Court to show cause why supervision should not be revoked, as recommended by the US Probation Officer. The Warrant and this Petition to be sealed for other than law enforcement purposes and until such time that the subject has been arrested and the warrant duly executed.

    or

☐    The issuance of a Summons and that the subject appear before the Court to show cause why supervision should not be revoked.

☐    No Action/Other

     Considered and ordered this day of , and ordered filed and made a part of the records in the above case.

Dated 6/9/2026
IT IS SO ORDERED:

_____
RICHARD F. BOULWARE, II
United States District Judge

8